# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY STIDUM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-3059-CV-S-BCW-P |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Johnny Stidum, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on February 1, 2012, seeking to challenge his 2007 convictions and sentences for first degree robbery, armed criminal action, and second degree robbery, which were entered in the Circuit Court of Greene County, Missouri.

The petition raises four grounds for relief: (1) that the trial court erred in submitting a charge of second degree robbery to the jury for lack of sufficient evidence; (2) that the trial court erred in submitting jury instruction No. 9 to the jury; (3) that the trial court erred in permitting Officer Kamykowski to testify; and (4) that trial counsel was ineffective for introducing evidence that became prejudicial. Respondent contends that all grounds are without merit.

## SUMMARY OF THE FACTS

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> In June 2005, Aaron Reed, Sara Bennett, and Mr. Reed's mother had traveled from Oregon to Springfield, Missouri, to attend a convention. Mr. Reed and Ms. Bennett were leaving the Rail Haven Motel the evening of June 10 at approximately 11:00 p.m. when a burgundy van pulled behind them blocking their vehicle. The passenger in the van, a man, jumped out of the vehicle and pushed

> Mr. Reed against his vehicle. Reed felt a sharp object at his throat. The man who had jumped from the vehicle told Reed he would slip his throat. He demanded Reed's wallet. Mr. Reed gave the assailant his wallet.
>
> At about the same time, the driver went to Ms. Bennett. He attempted to grab her purse. She initially resisted, but when she realized the other man had a knife at Reed's throat, she released her purse.
>
> As the attackers left, Reed saw the license plate on the back of their van and committed the number on the plate to memory. The police were called and provided with a description of the men and the license number of the van. The passenger in the van was a large black man with a shaved head. The driver was a short white man with a shaved head.
>
> A records check revealed that the license plate number Mr. Reed gave was registered to [petitioner] on a 1993 Dodge Caravan. The physical description on [petitioner's] driver's license matched the description Reed had provided police. [Petitioner] was later arrested while driving the burgundy van.
>
> A list of addresses was found in [petitioner's] van. One was a Cherry Street address. Police located the address and found Danny Wilson there. Danny Wilson matched the description of the driver of the van. Reed identified [petitioner] and Wilson from photograph lineups as the men who took his wallet and Ms. Bennett's purse.

(Respondent's Exhibit E, pp. 1-2).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State

the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1**

In ground 1, petitioner contends that the trial court erred in submitting the second degree robbery charge to the jury because there was insufficient evidence. Review of this claim is extremely deferential to the state courts. Constitutionally sufficient evidence exists to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

On direct appeal, the Missouri Court of Appeals disposed of this claim as follows:

> Point I contends the trial court erred in submitting the charge of second degree robbery, Count III of the second amended information, to the jury; that "there was not sufficient evidence to permit a reasonable juror to find beyond a reasonable doubt that [petitioner] forcibly took Sara's purse." Count III charged [petitioner] with "commit[ing] the class B Felony of robbery in the second degree. . . in that on the 10th day of June, 2005, in the County of Greene, State of Missouri, the defendant, [petitioner], forcibly stole a purse owned by Sarah [sic] Bennett."
>
> [Petitioner] argues that he was charged as the sole actor with respect to the second degree robbery offense of stealing Ms. Bennett's purse. He complains that the verdict-directing instruction, Instruction No. 9, "in the first and final paragraphs, . . . ascribed all of the elements of the offense to [petitioner]." n. 2
>
> > n.2 [Petitioner's] identification of the two paragraphs in Instruction No. 9 that he contends were not

---

court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-3-

supported by the evidence is imprecise. As this court perceives that argument, [petitioner's] complaint that the evidence was insufficient to support his conviction of Count III is directed to paragraphs First and Third of that instruction. A further problem regarding Point I is the statement in [petitioner's] argument directed to Point I that "[t]he trial court erred in instructing the jury on second degree robbery because there was insufficient evidence to support a finding of [petitioner's] guilt of that offense"; that, "[a]ccordingly, this Court must reverse" the conviction for robbery in the second degree. Point I does not assign error to the giving of Instruction No. 9. "Questions advanced in the argument portion of appellants' brief that were not identified in points relied on will not be addressed." ***Baker v. Empire Dist. Elec. Co.***, 24 S.W.3d 255, 257 (Mo. App. 2000).

He argues that the evidence was contrary to these assertions.

Instruction No. 9 states:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Court [sic] III, if you find and believe from the evidence beyond a reasonable doubt:

First, *that on or about the 10th of June 2005, in the County of Greene, State of Missouri, the defendant took a purse which was property in possession of Sarah [sic] Bennett* [emphasis added], and

Second, that defendant did so for the purpose of withholding it from the owner permanently, and

Third, *that defendant in doing do used physical force*

-4-

> *on or against Sarah [sic] Bennett for the purpose of overcoming resistance to the taking of the property,* [emphasis added],
>
> then you are instructed that the offense of robbery in the second degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:
>
> Fourth, that with the purpose of promoting or furthering the commission of that robbery in the second degree, the defendant acted together with Danny Wilson in committing the offense, then you will find the defendant guilty under Count III of robbery in the second degree.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The evidence at trial was that Danny Wilson was the person who physically took Sara Bennett's purse. The state's case against [petitioner] for the offense of second degree robbery was based on a showing that [petitioner] was an accomplice of Wilson in the taking of Ms. Bennett's purse. "The central tenet of accomplice liability is the notion that all who act together 'with a common intent and purpose' in committing a crime are equally guilty." ***State v. Biggs***, 170 S.W.3d 498, 504 (Mo. App. 2005). A defendant is equally guilty of an offense if his actions indicate he intended to be present during each stage of the crime with the purpose that the crime be committed even if the elements of the crime are clearly conducted by a person other than the defendant. ***State v. Purl***, 236 S.W.3d 680, 687 (Mo. App. 2007). Liability is the same regardless of whether a defendant acts as a principal or an accomplice in the commission of an offense. ***State v. Biggs, supra***.

"When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt. The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." ***State v. Belton***, 153 S.W.3d 307,

>309 (Mo. banc 2005). There is sufficient evidence in the record that
>is before this court for a reasonable juror to have found [petitioner]
>guilty of the offense of second degree robbery. Point I is denied.

(Respondent's Ex. E, pp. 2-5).

The resolution of ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]

Ground 1 is denied.

## **GROUND 2**

In ground 2, petitioner contends that the trial court erred in submitting Instruction No. 9 to the jury. For a federal district court to grant habeas relief under § 2254 on an alleged improper jury instruction, the petitioner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991). Petitioner has not satisfied this standard.

On direct appeal, the Missouri Court of Appeals disposed of petitioner's claim as follows:

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

-6-

Point II is directed to the giving of Instruction No. 9. It contends the trial court committed plain error in giving Instruction No. 9 "because the instruction did not conform to MAI-CR3d 304.04 (Responsibility for the Conduct of Another) Notes on Use in that it attributed all of the elements of the offense to [petitioner]."

[Petitioner] did not object to Instruction No. 9 at trial. *See* Rule 28.03. At the instruction conference, the trial judge inquired whether there was any objection to Instruction No. 9. [Petitioner's] attorney responded, "No, Your Honor." Additionally, there was no claim of error directed to Instruction No. 9 in [petitioner's] Motion for New Trial. There having been no objection to the giving of the instruction or any claim of instructional error included in [petitioner's] motion for a new trial, no question of instructional error was preserved for appellate review. ***State v. Frye***, 998 S.W.2d 575, 576 (Mo. App. 1999). [Petitioner] recognizes this failing and requests plain error review as permitted by Rule 30.20.

Plain error is error that results in manifest injustice or a miscarriage of justice if left uncorrected. ***State v. Shoults***, 147 S.W.3d 163, 168 (Mo. App. 2004). Manifest injustice or miscarriage of justice is error that is outcome determinative. ***State v. Golden***, 221 S.W.3d 444, 447 (Mo. App. 2007).

> [I]nstructional error seldom constitutes plain error, which requires a defendant to demonstrate more than mere prejudice. [*State v. Roe*, 6 S.W.3d 411, 415 (Mo. App. 1999)]. . . . For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict. *Id.*

***State v. Thomas***, 75 S.W.3d 788, 791 (Mo. App. 2002).

> Plain error review consists of a two-step analysis: determination of whether the asserted claim of plain error facially establishes grounds for believing a manifest injustice or miscarriage of justice occurred; and, if so, determination of whether manifest injustice or miscarriage of justice actually occurred. [*State v. Campbell*, 122 S.W.3d 736, 740 (Mo. App. 2004)]. "If facially substantial grounds are not found to exist, the appellate court should decline to exercise its

> discretion to review the claim of plain error pursuant to Rule 30.20." *Id.*
>
> ***State v. Golden, supra.***
>
> [Petitioner's] assertion of error is directed to paragraphs First, Second, and Third of Instruction No. 9 that ascribe the described conduct to [petitioner] whereas the evidence was that Danny Wilson committed those acts. Notes on Use 5(a)(1) to MAI-CR3d 304.04 states that all elements of the offense should be ascribed to the other person and not the defendant where the evidence shows the conduct elements of the offense were committed entirely by someone other than the defendant and the sole basis of the defendant's liability is aiding the other person.
>
> The existence or non-existence of plain error is determined on a case-by-case basis, considering the particular facts and circumstances of each case. ***State v. Golden, supra,*** at 446-47. Having considered the evidence and the circumstances discussed with reference to Point I, this court finds that the trial court's failure to comply with the directives of Notes on Use 5(a)(1) to MAI-CR3d 304.04 does not facially establish substantial grounds for believing a manifest injustice or miscarriage of justice occurred. The request for plain error review is declined.

(Respondent's Exhibit E, pp. 5-6).

The resolution of ground 2 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams, 529 U.S. at 412.

Ground 2 is denied.

## **GROUND 3**

In ground 3, petitioner contends that the trial court erred in permitting Officer Kamykowski

-8-

Case 6:12-cv-03059-BCW   Document 16   Filed 06/14/12   Page 8 of 14

to testify that petitioner had told him he was with a woman named Deb at the time of the robbery. This ground for relief raises evidentiary issues. "Questions relating to the admissibility of evidence are matters of state law and generally do not give rise to constitutional errors which are subject to redress in federal habeas corpus cases." Harrison v. Dahm, 880 F.2d 999, 1001 (8th Cir. 1989) (quoting Maggitt v. Wyrick, 533 F.2d 383, 385 (8th Cir.), cert. denied, 429 U.S. 898 (1976)). Only if the alleged error violates a specific constitutional right or is so prejudicial that it denies due process may a federal court grant habeas corpus relief on a state evidentiary issue. Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994).

On direct appeal, the Missouri Court of Appeals held as follows:

> The testimony to which Point III is directed is the testimony of Springfield Police Officer Scott Kamykowski. Officer Kamykowski testified that he interviewed [petitioner] following his arrest; that prior to asking questions and eliciting answers from [petitioner], [petitioner] had been advised of his *Miranda* n.4 rights and waived those rights.
>
> > n.4 *See Miranda v. Arizona*, 384 U.S. 436 (1966).
>
> The officer was asked whether he had asked [petitioner] "specifically about what he was doing on the night of June 10." [Petitioner's] trial counsel complained at that time that "[t]he defense has not pursued any type of alibi, they're cornering us into an alibi just as we cannot comment on their failure to call any witness. Implicitly they would be saying, 'Well, why isn't the defense calling this Deb if this is the case?' They can't have Detective Kamykowski talk about what Deb Reno told him, so I think it implies whether or not here's there defense, it's [sic] alibi, where's Deb?" The trial court overruled the objection. Officer Kamykowski was asked, "Where did he say he was?" He answered, "He was with a female named Deb."
>
> [Petitioner's] statement to Officer Kamykowski that he was with a female named Deb the night of June 10, 2005, the time of the offense for which he was being tried and committed, was an attempt to provide an alibi to demonstrate he was not involved in the commission of the offense about which he was being questioned.

> The statement was made after [petitioner] had received his *Miranda* warning. An alibi statement made by a defendant to police is admissible at trial. *State v. Walls*, 637 S.W.2d 812, 813-14 (Mo. App. 1982). Point III is denied.

(Respondent's Exhibit E, pp. 6-8).

The resolution of ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).

Ground 3 is denied.

## GROUND 4

In ground 4, petitioner contends that trial counsel was ineffective for introducing Danny Wilson's guilty plea at trial, which opened the door for the State to argue that the plea was that Wilson acted in concert with petitioner. In order to succeed on a claim of ineffective assistance of counsel, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense was prejudiced by counsel's action in that there is a reasonably probability that, but for counsel's unprofessional acts, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." Id.

On appeal from the denial of his Mo. Sup. Ct. Rule 29.15 Motion, the Missouri Court of Appeals disposed of petitioner's claims as follows:

> [Petitioner] contends trial counsel "failed to act as a reasonably competent attorney would under the same or similar circumstances" when he elicited "irrelevant and prejudicial hearsay evidence at trial" concerning Mr. Wilson's guilty plea "without investigating the circumstances of that plea" and defense counsel's questions "opened the door for the state to adduce that Wilson pled guilty to acting in concert with [petitioner]." n.3
>
>> n.3 "The doctrine of opening the door allows a party to explore otherwise inadmissible evidence on cross-examination when the opposing party has made an unfair prejudicial use of related evidence on direct examination." ***Barnett v. State***, 103 S.W.3d 765, 773 n.5 (Mo. banc 2003) (quoting ***United States v. Durham***, 868 F.2d 1010, 1012 (8th Cir. 1989)).
>
> [Petitioner] contends he was prejudiced by this deficient performance because "absent such evidence, a reasonable probability exists that the outcome of [petitioner's] trial would have been different."
>
> [Petitioner] acknowledges that he must prove both that trial counsel did not exercise the skill and diligence of a reasonably competent attorney and that, but for this failure on the part of trial counsel, the outcome of his trial probably would have been different. As earlier noted, "[t]he fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient." ***Richardson v. State***, 719 S.W.2d 912, 915 (Mo. App. E.D. 1986).
>
> [Petitioner] cites ***State v. Browner***, 587 S.W.2d 948, 955 (Mo. App. E.D. 1979), for the principle that a non-testifying co-defendant's confession to the charge is inadmissible hearsay, and [petitioner] asserts "it is well-established in Missouri law that evidence of a codefendant's related criminal disposition, including any plea agreement, may not be used as substantive evidence to prove a defendant's guilt or innocence[,]" quoting ***State v. Green***, 136 S.W.3d 837, 841 (Mo. App. S.D. 2004). These cases do not stand for the proposition that any reference to such information is prejudicial *per se* so as to require a reversal of a conviction. In ***Green***, it was the

-11-

prosecutor who first brought up the co-defendant's guilty plea, drawing an immediate objection from defense counsel. *Id.* at 840. After finding the reference improper, we held it did not constitute reversible error because defense counsel also later referenced the same guilty plea information and there was overwhelming evidence of the defendant's guilt. *Id.* at 841.

Here, [petitioner] was not automatically prejudiced by defense counsel's reference to Mr. Wilson's guilty plea or the prosecutor's statement that Mr. Wilson pleaded guilty as [petitioner's] accomplice. Both sides made it clear from their opening statements that Mr. Wilson was one of the robbers. The prosecutor's position was that [petitioner] acted as Mr. Wilson's accomplice in stealing Ms. Bennett's purse. Defense counsel's tack was that Mr. Wilson pleaded guilty to robbery in connection with the incident but that his accomplice was someone other than [petitioner]. n.4

> n.4 After the evidence came in, the prosecutor referred in closing argument to the jury's instruction regarding accomplice liability and contended that Mr. Wilson was [petitioner's] accomplice. Defense counsel continued with the theory of mistaken identity by arguing various points during closing argument regarding the victims' ability to observe and recall what happened, and that "[i]f [petitioner] had taken his van out that night and he was involved in this, wouldn't he have been driving his own van?" Defense counsel insisted that [petitioner] lent the van to Mr. Wilson and that Mr. Wilson was driving it at the time of the robberies. Defense counsel went on to argue that [petitioner] "didn't have any idea what Danny had done with the van four days earlier. He had no idea what Danny and this other guy had went out and done. He did not know."

We do not dispute that it may not have been necessary to prove that Mr. Wilson actually pleaded guilty in order to argue that he and someone other than [petitioner] were the robbers, but in doing so did, perhaps, add some additional corroboration to the defense theory, and "[a] decision regarding trial strategy is not to be judged ineffective constitutionally merely because in retrospect it may seem an error in judgment." *State v. Hamilton*, 892 S.W.2d 774, 785 (Mo. App. S.D. 1995). In any event, we do not need to determine whether trial counsel's strategy was reasonable because the motion court correctly

-12-

determined that [petitioner] failed to demonstrate that the outcome of his trial would probably have been different if that strategy had not been employed. n.5

> n.5 In itself, the testimony about Mr. Wilson's plea was not especially compelling. Officer Kamykowski's answer to the prosecutor's follow-up question confirmed that Mr. Wilson's guilty plea "was for acting as an accomplice with [petitioner]." But the overall impact of his testimony on this point was weakened by defense counsel's recross-examination in which it was adduced that the officer was unable to say whether Mr. Wilson's precise offense was robbing Ms. Bennett and that he did not "know exactly what's in the court docket." Mr. Wilson did not testify at [petitioner's] trial and the jury did not see a copy of the charges against him or a transcript of his guilty plea.

[Petitioner] claims there was a reasonable probability that the outcome of his case would have been different in the absence of the officer's testimony about Mr. Wilson's guilty plea without making any attempt to demonstrate why this is so. [Petitioner] claims no deficiency in the remaining evidence of [petitioner's] guilt that would undermine confidence in the outcome. *See **Strickland***, 466 U.S. at 694. We cannot say that the motion court's characterization of the remaining evidence of guilt of "overwhelming" was clearly erroneous. [Petitioner] was identified by Mr. Reed as the robber in both a photographic lineup and at trial. Ms. Bennett identified [petitioner] in open court at his preliminary hearing as the person who had robbed Mr. Reed at knife-point. And [petitioner's] van was identified by description and license plate number as the vehicle used in the robberies.

We are not firmly convinced that the motion court was wrong in determining that [petitioner] failed to prove the outcome of his trial would have been different absent trial counsel's alleged ineffective assistance. [Petitioner's] point is denied.

(Respondent's Exhibit J, pp. 10-13).

The resolution of ground 4 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

-13-

Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000). Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 4 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

/s/ Brian C. Wimes
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: June 14, 2012.